UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-00925-MWF (VBKx)**                    Date:  **September 12, 2012**

Title:     VMOOM -v- Stratus Technologies, Inc., et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

    Rita Sanchez                                    None Present
    Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

    None Present                                   None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING DEFENDANTS'
                            MOTIONS TO DISMISS [35, 36]

       As an initial matter, on September 4, 2012, the Court issued an Order to Show Cause Re: Remand to State Court. (Docket No. 44). Defendants filed a Response on September 7, 2012. (Docket No. 46). The Court is in receipt of that Response, and finds that Defendants facially have established federal jurisdiction. Therefore, the Order to Show Cause hereby is DISCHARGED.

       This action is now before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Defendant Stratus Technologies, Inc. ("Stratus") and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Charlie Uhl and James F. Robichaud (the "Motions"). (Docket Nos. 35, 36). The Court has read and considered the papers filed on these Motions and held a hearing on September 10, 2012. As set forth below, the Motions are GRANTED.

       On February 2, 2012, Defendants removed this action to this Court. (Docket No. 1). On February 15, 2012, Defendant Stratus filed a motion to dismiss, and on March 2, 2012, Defendants Uhl and Robichaud likewise filed a motion to dismiss. (Docket Nos. 7, 13). Rather than oppose these motions, on March 21, 2012, Plaintiff VMOOM filed its First Amended Complaint ("FAC"). (Docket No. 17). On April 2, 2012, Defendants again filed a motion to dismiss. (Docket No. 20). On April 24, 2012, the Court (the Honorable Jacqueline H. Nguyen) granted in part and denied in

part the motion and granted VMOOM leave to amend (the "April 24 Order"). (Docket No. 24).

VMOOM filed its Second Amended Complaint ("SAC") on May 11, 2012. (Docket Nos. 31, 37). On May 31, 2012, Stratus and, separately, Uhl and Robichaud filed the Motions now pending before the Court, both of which were amended on July 12, 2012, apparently in order to comply with the meet-and-confer requirement under Local Rule 7-3. (Docket Nos. 35, 36, 38, 39).

The SAC is substantially similar to VMOOM's FAC. The Court holds that in most respects VMOOM has failed to cure the deficiencies identified by the Court in its April 24 Order. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Defendant Stratus's Motion (Docket No. 35)**

Stratus argues (1) that Massachusetts law governs all of VMOOM's claims and the SAC's references to California law should be stricken; (2) that the limitations clause in the relevant contract bars VMOOM's prayer for damages beyond reimbursement of the purchase price; (3) that VMOOM's claim for implied equitable indemnity and comparative contribution must be dismissed; and (4) that VMOOM's breach of fiduciary duty claim fails as a matter of law. The Court addresses each argument in turn below.

In its April 24 Order (at 4-7), the Court noted that "[t]his case arises under a contract with a choice-of-law provision identifying Massachusetts law as binding" and undertook a detailed choice-of-law analysis, concluding that "Massachusetts law properly governs Plaintiff's claims." As part of this analysis, the Court found that the application of Massachusetts law would not violate any fundamental policy of California law, and that the FAC had not adequately identified any such policy violation. The SAC does not include any new allegations that would alter either this analysis or the Court's previous conclusion. Stratus's Motion is GRANTED on this

basis, and the SAC's references to California law – in paragraphs 24, 27 and 35 – hereby are STRICKEN.

With respect to VMOOM's alleged damages, the Court previously held that the contract "term at issue does not exempt Stratus from liability but merely establishes a damages ceiling to cabin exposure at the value of the subject goods' purchase price." (April 24 Order at 6). The Court dismissed VMOOM's claims of consequential and punitive damages, finding that the FAC "does not offer any facts in support of the bare legal assertion that the limiting term is unconscionable and therefore unenforceable." (*Id.* at 11). The SAC suffers from the same failing, and Stratus's Motion is GRANTED on this basis.

At the hearing, counsel for VMOOM argued that the SAC includes allegations that the limitations clause is ambiguous as applied to VMOOM because it consists of language that generally applies to end-users of the relevant products. However, on the motion to dismiss the FAC, the Court considered and rejected this same argument that the limitation of liability "provision should be construed in context of the relationship between the parties and the surrounding circumstances." (Docket No. 22 at 2). On this Motion, there is no basis to revisit the Court's prior conclusion that the limitations clause is unambiguous.

VMOOM's claim for indemnity/contribution fails as a matter of law. As the Court found in its April 24 Order (at 9), the "Agreement upon which Plaintiff relies expressly disclaims Strauss' liability for indemnification." Nor does the SAC adequately allege that the relationship between Stratus and VMOOM was anything other than that of seller-purchaser. (*Id.* at 10 ("A contractual seller-purchaser relationship ordinarily does not constitute a special relationship as a matter of law.")). Tellingly, in a section titled "Relationship of Parties," the relevant contract states that "[t]he parties acknowledge that each is an independent contractor." (SAC Ex. 1 §2 (Docket No. 37-2 at 2)). Stratus's Motion is GRANTED on this basis.

VMOOM's breach of fiduciary duty claim fails for the same reason. As a threshold matter, the Court disagrees with Stratus's contention that the April 24 Order included a "finding" that there is no special relationship between the parties. (Mot. at

14).  The April 24 Order addressed only the allegations in the FAC and granted VMOOM leave to amend.  The Court now addresses the allegations in the SAC, which likewise fail to allege a special relationship between VMOOM and Stratus on which VMOOM could base a claim for breach of fiduciary duty.  *See Intertek Testing Servs. NA, Inc. v. Curtis-Strauss LLC*, No. 98903F, 2000 WL 1473126, at *10 (Mass. Super. Ct. Aug. 8, 2000) ("Since Lewis was to be an independent contractor under this agreement, he owed no fiduciary duty to Intertek . . . .").  The Court does not take seriously VMOOM's argument that, because the relevant contract is titled "Stratus Channel Partner Agreement" and VMOOM is defined therein as "'Partner' or 'You,'" a partnership was formed – particularly in light of the "Relationship of Parties" provision discussed above.  Stratus's Motion is GRANTED on this basis.

      Accordingly, Stratus's Motion (Docket No. 35) is GRANTED ***without leave to amend***.  Any amendment would be futile for the reasons discussed above.

**Defendants Uhl and Robichaud's Motion (Docket No. 36)**

      Uhl and Robichaud argue that VMOOM's claims for relief for fraud, intentional interference and breach of fiduciary duty fail as against Uhl and Robichaud.

      The FAC included only a single claim for relief against Uhl and Robichaud – *viz.*, "fraud-promise made without intention to perform."  In its April 24 Order, the Court dismissed the fraud claim as against Uhl, holding that the "FAC consistently describes Uhl as a conduit for Stratus, communicating its messages and consistently acting as its agent" and, "[a]s a result, [lacked] factual allegations sufficient to support a claim of personal liability."  (*Id.* at 5).  The claim was dismissed as against Robichaud for the same reason.  (*Id.* at 8).  Relatedly, VMOOM's claims for relief for fraud and tortious interference survived as against Stratus.  (*Id.* at 7-9).

      In its SAC, VMOOM attempts to buttress its fraud claim against Uhl and Robichaud, to include them as Defendants in connection with the tortious interference claims, and to add a breach of fiduciary duty claim against Uhl.  But VMOOM's additional allegations are unavailing and insufficient to state any claim for personal liability as against Uhl or Robichaud.  VMOOM's addition of the refrain that Uhl and

Robichaud were acting "on their own behalf" is wholly conclusory and lacks supporting factual allegations. Furthermore, the similarly oft-repeated allegation that Uhl was a "dual agent" for Stratus *and* VMOOM is implausible and unsupported based on the SAC's allegations. As this Court held with respect to the FAC, VMOOM's allegations relating to Uhl and Robichaud support its claims for relief for fraud and tortious interference as against Stratus but fail to allege any basis for personal liability against Uhl or Robichaud.

In addition, VMOOM's breach of fiduciary duty claim against Uhl fails as a matter of law. The SAC does not allege the elements of an agency relationship between Uhl and VMOOM. The Court is not persuaded by the allegation that Uhl stated "his personal mission was to assist businesses such as VMOOM, prospective re-sellers of Stratus'[s] ftServers and other products, to expand such businesses client base and to increase their revenues and profits." (SAC ¶ 3). Instead, the SAC alleges that Uhl is an agent and employee of Stratus and that Stratus is liable on account of Uhl's alleged conduct. Nor can the Court look past the fact, discussed above, that the relevant business relationship between VMOOM and Stratus was that of independent contractors. The SAC does not – indeed, cannot – adequately allege that Uhl owed a fiduciary duty to VMOOM.

Accordingly, Uhl and Robichaud's Motion (Docket No. 36) is GRANTED *without leave to amend*. Again, amendment here would be futile.

For purposes of case management going forward, the following claims for relief in VMOOM's SAC remain *as against Stratus only*: breach of written contract (first), intentional interference with economic relationship (second), intentional interference with prospective economic advantage (third), and fraud-promise made without intention to perform (fourth).

IT IS SO ORDERED.