Edmund G. Farrell III (SBN 111042)
Gina E. Och (SBN 170520)
Lisa D. Angelo (SBN 229000)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336
E-Mail: efarrell@murchisonlaw.com
goch@murchisonlaw.com
langelo@murchisonlaw.com

Attorneys for Defendant,
STRATUS TECHNOLOGIES, INC.

Stephen R. Golden (SBN 163366)
Thomas P. Friedman (SBN 205407)
**STEPHEN R. GOLDEN & ASSOCIATES**
600 N. Rosemead Blvd. Suite 100
Pasadena, CA 91107-2101
Tel: (626) 584-7800
Fax: (626) 568-3529
businesslaw@stephenrgolden.com
thomas.friedman@stephenrgolden.com

Attorneys for Plaintiff,
VMOOM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| VMOOM, a general partnership,<br><br>Plaintiff,<br><br>vs.<br><br>STRATUS TECHNOLOGIES, INC., a Delaware corporation, et al.,<br><br>Defendant. | CASE NO. 12-CV-00925-MWF (VBKx)<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Judge: Hon. Michael W. Fitzgerald<br>Crtrm: 1600 |

Pursuant to the Parties' Stipulation re Entry of Protective Order, and good cause appearing therefore, it is hereby ORDERED that all Parties to this action and their

counsel comply with the following protective order:

1. **PURPOSES AND LIMITATIONS**

By virtue of the fact that Plaintiff VMOOM and Defendant STRATUS TECHNOLOGIES, INC. (hereinafter "Stratus") perform business in similar industries, namely the sale and resale of hardware, software products, related media, materials, documentation and customer service offerings ("products"), the Parties have a client base in the same demographic, and it is a proprietary client base, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set for in Section 11.4 below, that this Stipulated Protective Order does not, standing alone, entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The Parties' stipulation regarding this Protective Order cannot be construed as a waiver of any of their substantive or procedural rights in this case.

2. **DEFINITIONS**

2.1 **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained), or tangible items not generally publicly available and

provide some value to the designating party by virtue of the fact the information is not generally known, or that qualify for protection under Federal Rule of Civil Procedure 26(c) and related case law.

2.3 **Counsel (Without Qualifier):** Outside Counsel of Record and their support staff.

2.4 **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 **Disclosure or Discovery Material:** all items or information, regardless of medium or manner in which it is generated, stored or maintained (including but not limited to testimony, transcripts, and other tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or business partner of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or business partner of a Party or of a Party's competitor. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

2.7 **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 **Non-Party:** any natural person, partnership, corporation, association, or other legally recognized entity not named as a party to this action.

2.9 **Outside Counsel of Record:** attorneys who are not employed by the Parties to this action, but are retained to represent or advise the Parties and have appeared in this action on behalf of that party or are affiliated with a law firm which has

appeared on behalf of that party.

**2.10 Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (including their support staffs).

**2.11 Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12 Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying, data processing, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, reviewing or retrieving data in any form or medium, etc.) and their employees and subcontractors.

**2.13 Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.14 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, or otherwise; and (b) any information known to the Receiving Party prior to the disclosure obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall

be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defense in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1 **Exercise of Restraint and Care in Designating Material for Protection.**

   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, and/or oral or written communications that qualify – so that other portions of the material, documents, items, and/or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 **Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the Inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted

(either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for information in a form rendering it impractical to affix a label to each page</u> (including but not limited to electronically stored information produced on electronic or magnetic media), the Producing Party may designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter, or by affixing to such media a label containing the appropriate legend. Whenever a Receiving Party reduces electronically stored information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to hard copy form, the Receiving Party shall mark such hard copy form with the appropriate legend. Whenever any Confidential Electronic Information or Computerized Material is copied or converted into another form, the Receiving Party shall also mark those forms with the same designation as the original from which it was copied.

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party must identify, no later than two business days following the close of any such testimony or proceeding, all protected testimony and specify the level of protection being asserted either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection , or within two business days following the close of any such testimony, the Designating Party may invoke a right to have up to 14 days following the preparation and delivery of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Subject to any other relevant provision herein, only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated

1  Protective Order. Alternatively, a Designating Party may specify, at the deposition, or
2  up to 10 days following the preparation and delivery of the transcript if that period is
3  properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
5         Parties shall give the other Parties notice if they reasonably expect a
6  deposition, hearing or other proceeding to include Protected Material so that the other
7  Parties can ensure that only authorized individuals who have signed the
8  "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those
9  proceedings. The use of a document as an exhibit at a deposition shall not in any way
10 affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
11 ATTORNEYS' EYES ONLY."
12        Transcripts containing Protected Material shall have an obvious legend on
13 the title page that the transcript contains Protected Material, and the title page shall be
14 followed by a list of all pages (including line numbers as appropriate) that have been
15 designated as Protected Material and the level of protection being asserted by the
16 Designating Party. The Designating Party shall inform the court reporter of these
17 requirements. Any transcript that is prepared before the expiration of a 10-day period
18 for designation shall be treated during that period as if it had been designated "HIGHLY
19 CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise
20 agreed. After the expiration of that period, the transcript shall be treated only as actually
21 designated.
22        (d)  <u>for information produced in some form other than documentary and
23 for any other tangible items</u>, that the Producing Party affix in a prominent place on the
24 exterior of the container(s) in which the information or item is stored the legend
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
26 If only portions of the information or item warrant protection, the Producing Party, to the
27 extent practicable, shall identify the protected portion(s) and specify the level of
28 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").

**5.3** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make every practical efforts to assure that the material is treated in accordance with the provisions of this Order. If, following all practical efforts by the Receiving Party to assure appropriate confidential treatment, it appears to either Party that those efforts have been, or likely will be, unsuccessful in maintaining the appropriate level of confidentiality pursuant to this Order, as asserted by the Disclosing Party, the Parties shall promptly meet and confer in good faith (in a voice to voice dialogue) to discuss alternative steps to best maintain confidentiality of the material.

**5.4** **Inadvertent Disclosure of Privileged Material.** If information subject to a claim of attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery is inadvertently produced to a party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production of the document and information to which the Producing Party or other person otherwise would be entitled.

The Party making the claim of inadvertent disclosure of privileged material must notify the Receiving Party of the claim and the basis for it. After being notified of the inadvertent disclosure, the Receiving Party must immediately take the following steps: (1) sequester and return the material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, (2) do not copy, use or disclose the information until the claim is resolved, (3) take reasonable steps to retrieve the information if the Receiving Party copied, used, or disclosed it before being notified

of the inadvertent disclosure, (4) destroy all notes or other work product reflecting the contents of such material, and (5) delete such material from any litigation-support or other database.

The provisions of Section 5.4 shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production. If the Receiving Party challenges the privileged designation, it may promptly, and in no event later than 30 days, following service of the claim of inadvertent disclosure, file a motion presenting the documents or information to the court, under seal, for a determination of the claim. The Producing Party must preserve the documents or information until the claim is resolved.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1   Timing of Challenges.** Any party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2   Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue – other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or, establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3 Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality. The procedures of Civil Local Rule 37 shall be followed in connection with any such motion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party, or by a Non-Party in connection with this case, only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. To the extent that any Receiving Party, vendor or counsel for the Receiving Party creates, develops, or otherwise establishes on any electronic system information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party and/or its counsel must take all necessary

steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to the information and will affix to any media containing such information, a label with the appropriate legends.

**7.2    Disclosure of "Confidential" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Receiving Party's Outside Counsel of Record to this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Officers, Directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary to this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants and professional vendors to whom disclosure is reasonably necessary to this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary to this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information.

**7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a)  Receiving Party's Outside Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), and (3) as to whom the procedure set forth in Paragraph 7.4(a), below, have been followed;

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.**

(a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

1  current resume, (4) identifies the Expert's current employer(s), (5) identifies each person
2  or entity from whom the Expert has received compensation or funding for work in his or
3  her areas of expertise or to whom the expert has provided professional services,
4  including in connection with a litigation, at any time during the preceding five years, and
5  (6) identifies (by name an number of the case, filing date, and location of court) any
6  litigation in connection with which the Expert has offered expert testimony, including
7  through a declaration, report, or testimony at a deposition or trial, during the preceding
8  five years.
9      (b)  A Party that makes a request and provides the information specified
10  above may disclose the subject Protected Material to the identified Expert unless, within
11  14 days of delivering the request, the Party receives a written objection from the
12  Designating Party. Any such objection must set forth, in detail, the grounds on which it
13  is based.
14      (c)  A Party that receives a timely written objection must meet and confer
15  with the Designating Party (through direct voice to voice dialogue) to try to resolve the
16  matter by agreement within seven days of the written objection. If no agreement is
17  reached, the Party seeking to make the disclosure to the Expert may file a motion as
18  provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
19  applicable) seeking permission from the court to do so. Any such motion must describe
20  the circumstances with specificity, set forth in detail the reasons why the disclosure to
21  the Expert is reasonably necessary, assess the risk of harm that the disclosure would
22  entail, and suggest any additional means that could be used to reduce that risk. In
23  addition, any such motion must be accompanied by a competent declaration describing
24  the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of
25  the meet and confer discussions) and setting forth the reasons advanced by the
26  Designating Party for its refusal to approve the disclosure.
27      In any such proceeding, the Party opposing disclosure to the Expert shall
28  bear the burden of proving that the risk of harm that the disclosure would entail (under

the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify, in writing, the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required to produce a Non-Party's confidential information in its possession, pursuant to a valid discovery request, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify, in writing, the Requesting Party and the Non-Party that some, or all, of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. The purpose of this provision is to alert the interested Parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

interests in this court. Absent a court order the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **MISCELLANEOUS**

11.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 **Export Control.** Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to export of the technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

11.4 **Filing Protected Material.** Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested

persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category where appropriate), and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, DURATION.

**IT IS SO ORDERED.**

Dated: 1-30-2013

_____
The Honorable Victor B. Kenton
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *VMOOM v.Stratus Technologies, Inc.*, Case No. 12-CV-00925-MWF (VBKx). I agree to comply with and be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity, if at all, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
            [printed name]

Signature:_____
            [signature]